Benjamin B. Ouzts, plaintiff in error, *vs.* William Seabrook, defendant in error.

1. It is not necessary that a traverse to the truth of an affidavit, which is the foundation of an attachment, should be sworn to.
2. Where a plaintiff makes an affidavit for the purpose of obtaining an attachment against an administrator, on the ground that he is removing, or about to remove, the goods of his intestate without the county, and the administrator files a traverse to the affidavit, the plaintiff is a competent witness upon the trial of the issue thus formed, even though the contract, which is the foundation of the plaintiff's claim, was made with the intestate.

3. The effect of a verdict for the defendant, upon such an issue, is a dismissal of the attachment under Revised Code, section 3236.

Attachment against administrator. Traverse of affidavit. Party as witness. Before Judge STROZIER. Dougherty Superior Court. June Term, 1872.

Benjamin B. Ouzts sued out an attachment against William Seabrook, as administrator of George O. Dawson, on the ground "that said William Seabrook is actually removing, or about to remove, the property of said deceased George O. Dawson, without the limits of Dougherty county, Georgia." The defendant traversed the ground upon which the attachment issued by an affidavit sworn to by his attorney. Upon the trial, plaintiff moved to strike the traverse, upon the ground that it was sworn to by an attorney, and not by defendant. The motion was overruled by the Court, and plaintiff excepted.

Plaintiff offered himself as a witness to prove the truth of the facts stated in the attachment affidavit. The Court ruled that he was incompent, on the ground that the debt sued on was contracted by the deceased, and plaintiff excepted.

No further evidence being introduced, the Court instructed the jury to return a verdict for the defendant, and plaintiff excepted.

All of which rulings aforesaid plaintiff assigns as error.

D. H. POPE; JOHN A. DAVIS, for plaintiff in error.

HINES & HOBBS, for defendant.

MONTGOMERY, Judge.

This was an attachment sued out by the plaintiff in error, against the defendant, on the ground that he was removing, or about to remove, the goods of his intestate without the county. The defendant traversed the truth of the affidavit, which traverse was sworn to by the defendant's attorney. Plaintiff moved to strike the traverse on the ground that it

Ouzts *vs.* Seabrook.

was sworn to by the defendant's attorney. The Court overruled the motion, and plaintiff excepted. On the trial of the traverse the plaintiff offered himself as a witness to prove the truth of the averment in his affidavit. The Court refused to permit him to be sworn, on the ground that the contract which was the foundation of the attachment was made with defendant's intestate. Plaintiff excepted. The jury found for the defendant, and plaintiff objected to the defendants having a verdict, on the ground that as he, the plaintiff, had introduced no evidence, the defendant was only entitled to have the case dismissed. The Court permitted the verdict to be received, and plaintiff excepted.

1. We do not think it was necessary to swear to the traverse at all. True, the Constitution says that all pleas to actions on contracts must be sworn to, but the issue formed by this traverse is a very different thing from an issue raised by a plea in avoidance of a contract. The administrator does not, in this traverse, deny the contract; he only denies that he is removing, or about to remove, the goods of the intestate out of the county. It is not unlike a plea of the general issue in trover. It will hardly be contended that such a plea would have to be sworn to.

2. For the reason that the contract, which was the foundation of the attachment, was not in issue or on trial in this proceeding, we think the Court erred in rejecting the plaintiff as a witness.

3. The third exception is controlled by the 3236th section of the Code. Under that, the effect of the verdict was to dismiss the case. Several objections were urged by defendant's counsel against the attachment. Among them, that the attachment was issued by plaintiff's counsel as a notary. True, the attachment was issued by the person now appearing as counsel. That he was counsel at the time the attachment issued, does not appear. But this objection is not made by the record, nor are the other objections relied on to be found there.

Judgment reversed.